UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| OMAR HUERTA-HERNANDEZ, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-1151-PPS-MGG |
| JOHN T. BOYD, *et al.*, | |
| Defendants. | |

OPINION AND ORDER

While being held at the LaPorte County Jail, Plaintiff Omar Huerta-Hernandez filed a civil rights complaint under 42 U.S.C. § 1983. Since he is representing himself, I will construe the complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, because Plaintiff is incarcerated, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

The complaint states that Plaintiff was housed at the LaPorte County Jail when he became suicidal. He was taken to a suicide-watch cell, but he shortly began cutting himself with a floor fragment. As a result, he was placed in a restraining chair and moved to a different cell for about an hour. A nurse then put ointment a bandage on his wound, although it kept bleeding. As Plaintiff remained strapped in the chair, gnats were flying around and landing on his wound, causing discomfort. After about four hours in the chair, Plaintiff asked to speak to Defendant Sgt. John Wilcher, at which

time he was removed from the restraints and allowed to use a bathroom. The complaint doesn't allege anything beyond this point.

I will start my analysis with Sgt. Wilcher as he's the only defendant who is alleged to have encountered Plaintiff while he was on suicide watch. "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'"[1] *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal— if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Id.* (quoting *Bell*, 441 U.S. at 538–39). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (quoting *Bell*, 441 U.S. at 561). "[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*." *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

Nothing in the complaint suggests that Sgt. Wilcher's actions violated the Fourteenth Amendment. After about four hours of being restrained, Plaintiff sought to

---

[1] Because Plaintiff alleges he was a pretrial detainee, his claims must be evaluated pursuant to the Fourteenth Amendment.

speak with Sgt. Wilcher after which his restraints were removed and he was allowed to use a bathroom. None of this has so much as an appearance of a punishment and no other allegations are stated against Sgt. Wilcher.

Plaintiff is also suing Defendants Sheriff John Boyd and Captain Al Ott claiming that they violated his constitutional rights "by not making sure their staff is properly taking care of pre-trial detainees." (ECF 1 at 3.) This allegation is insufficient to state a claim because section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. "'[N]o prisoner is entitled to insist that one employee do another's job,' and the division of labor is critical to the efficient functioning of the organization." *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) (quoting *Burks,* 555 F.3d at 594). Yet, apart from naming Sheriff Boyd and Captain Ott in the caption of the case, Plaintiff says nothing about them in the complaint so as to even remotely suggest their personal involvement.

While, generally, I would allow Plaintiff to amend the complaint to add the right defendants, any amendment here would be futile because there are no plausible facts which could state a claim consistent with those he has already alleged. After all, the complaint depicts Plaintiff receiving proper care and precautions while he was on suicide watch. For example, as soon as Plaintiff said that he was suicidal, he was taken to a suicide-watch cell. When he started cutting himself with a floor fragment, he was moved to a different cell and placed in restraints. He was soon seen by a nurse who put

3

ointment and a bandage on his wound. Even if the bandage didn't work perfectly, there's no suggestion that her treatment was inadequate. Furthermore, although Plaintiff had to experience the annoyance of gnats while being restrained, this temporary discomfort doesn't amount to a constitutional violation. And when, after four hours of being restrained, Plaintiff sought to speak with Sgt. Wilcher, he was freed from the restraints and allowed to use a bathroom. In short, even if Plaintiff had named each responsible person during his suicide watch, he wouldn't be able to state a claim against anyone.

For these reasons, I DISMISS the complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim for which relief may be granted.

SO ORDERED.

ENTERED:  December 2, 2020.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT